```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
United States of America                    CR-05-304(CPS)
                    Plaintiff,

      - against -                           MEMORANDUM
                                            AND ORDER
Lukelyn Campbell,
                    Defendant.
------------------------------------------X
```

SIFTON, Senior Judge.

Lukelyn Campbell ("defendant") was convicted following a two-week trial of conspiracy to import cocaine and importation of cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii), and 952(a), and well as conspiracy to distribute and posses with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B). On August 23, 2006, I sentenced defendant to a term of imprisonment of 97 months. By a Sentencing Memorandum issued August 21, 2008, I denied defendant's motion to modify his sentence, made pursuant to 18 U.S.C. § 3582(c)(2). Now before this Court is defendant's motion to reconsider that memorandum.[1] For the reasons stated herein, the motion is denied.

## Background

On May 5, 2006, following a jury trial, a jury convicted

---

[1] Defendant wrote a letter objecting to the conclusions of my Memorandum that was dated August 26, 2008, and stamped as received by the Court on September 2, 2008. However, the letter was not filed on the docket until March 19, 2009. At that time, I issued an Order to Show Cause directing the government to give reasons why defendant's letter should not be treated as a motion for reconsideration of my August 21, 2008 opinion. The government responded that the letter should be treated as a motion for reconsideration.

defendant of all seven counts in the March 28, 2006 second superceding indictment filed against him. The seven counts, as noted above, charged defendant with various conspiracy and distribution offenses relating to cocaine. At sentencing, I adopted the factual finding of the Presentence Investigation Report ("PSR") and the Addendum thereto that defendant was accountable for 1,619.7 grams of cocaine, producing a base offense level of 26.[2] I applied a four-level enhancement based on defendant's role, resulting in an offense level of 30, which, in conjunction with defendant's Criminal History Category of I, produced a sentencing range of 97 to 121 months. On August 23, 2006, I sentenced defendant to a term of imprisonment of 97 months. Defendant appealed this judgment. The Court of Appeals dismissed his appeal on March 15, 2007, due to defendant's default.

On June 27, 2008, defendant made a motion for retroactive application of Amendments 706 and 711 of the Sentencing Guidelines, which reduce by two levels the base offense levels applicable to cocaine base ("crack") offenses.[3] By sentencing

---

[2]The PSR held defendant accountable for a greater amount of drugs, but this finding was amended in the Addendum.

[3]On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession With Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to crack offenses. On December 11, 2007, the United States Sentencing Commission voted to apply the amendment retroactively to crack offenses, effective march 3, 2008. The Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of

memorandum dated August 19, 2008, I denied the motion, finding that defendant was convicted of, and held accountable for, cocaine related offenses. Because Amendments 706 and 711 apply only to offenses involving crack, the Sentencing Commission did not reduce defendant's sentencing guidelines range.

**Discussion**

A motion for reconsideration pursuant to Local Rule 6.3 is appropriate in cases where a court "overlooked controlling decisions or factual matters that were put before it on the underlying motion" which, if examined, might reasonably lead to a different result. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). Additionally, a motion for reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice. *See Doe v. New York City Dept. of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Defendant argues that he was held accountable for crack, not cocaine at trial, based on his recollection that the evidence against him was in rock form, which indicated to him that it was crack. Therefore, argues defendant, he was entitled to a reduction of his sentence pursuant to the Guidelines amendments for crack offenses.

---

Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

Defendant did not raise this claim in his motion for resentencing. Furthermore, the record shows that defendant was held accountable for cocaine and not crack. The PSR, which I adopted at sentencing, stated that the defendant was accountable for cocaine only. I sentenced defendant to a period of incarceration of 97 years, which is at the bottom end of the sentencing range applicable for the possession of 500 grams to 2 kilograms of cocaine. If defendant had been held accountable for 1,619.7 grams of crack, his base offense level would have been 36, which, with the four-level sentencing enhancement, would have resulted in a sentencing range much greater than the one I applied at defendant's sentencing.

Defendant has failed to identify controlling decisions or factual matters that were overlooked by the court, any intervening changes in the law, new evidence, clear error, or manifest injustice contained in my previous Memorandum. The motion is accordingly denied.

## Conclusion

For the reasons stated herein, defendant's motion for reconsideration of sentence is denied. The Clerk is directed to transmit a copy of the within to the government and to mail a copy of the within to petitioner.

SO ORDERED.

Dated:   Brooklyn, New York
         April 7, 2009

                By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge