```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
United States of America                    CR-05-304(CPS)
                    Plaintiff,

    - against -                             MEMORANDUM
                                            AND ORDER
Lukelyn Campbell,
                    Defendant.
------------------------------------------X
```

SIFTON, Senior Judge.

On May 5, 2006, Lukelyn Campbell ("petitioner") was found guilty following a two-week trial of conspiracy to import cocaine and importation of cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii), and 952(a), and well as conspiracy to distribute and posses with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B). On August 23, 2006, I sentenced petitioner to a term of imprisonment of 97 months. Now before the Court is petitioner's petition to vacate his conviction pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

## BACKGROUND

The following facts are taken from the record and the parties' submissions in connection with this motion.

Petitioner was indicted on April 14, 2005. Magistrate Judge Steven Gold issued an arrest warrant on April 18, 2005. On July

28, 2005, petitioner filed a motion to proceed *pro se* and for a psychiatric exam. I granted the request for an exam and denied the request to proceed *pro se*. The trial began on February 27, 2006. However, the jury could not reach a unanimous verdict and I declared a mistrial on March 10, 2006. On March 28, 2006, the government filed a superceding indictment. The second trial began on April 26, 2006. On May 5, 2006, the jury found petitioner guilty on several counts. Petitioner filed a Rule 33 motion for a new trial on July 11, 2006. I denied the motion and sentenced petitioner to a term of 97 months imprisonment and five years of supervised release on August 23, 2006. On September 1, 2006, petitioner appealed his conviction and sentence. On March 15, 2007, the appeal was dismissed by the Second Circuit for failure to comply with the Court's scheduling order.

On June 27, 2008, petitioner made a motion before me for retroactive application of the sentencing guidelines to his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was convicted of crack offenses and was therefore eligible. By a Sentencing Memorandum issued August 21, 2008, I denied petitioner's motion to modify his sentence. Petitioner made a motion for reconsideration, which I denied on April 7, 2009. On March 30, 2009, petitioner filed the instant habeas petition.

Petitioner has submitted several letters to the Court in connection with his motion, each making similar claims. In these

letters, petitioner asserts that he was kidnaped by federal agents pursuant to his arrest, that the warrant for his arrest was invalid because it lacked a docket number, that the warrant was invalid because it was signed during the course of his trial by a magistrate judge at the direction of the Court,[1] that federal agents attempted to entrap him,[2] that his defense attorney colluded with the Court,[3] that a passport that he sought to introduce as evidence was wrongfully excluded from his trial,[4] and that he was forcefully medicated and assaulted after his arrest. In addition to these arguments, petitioner has submitted a claim for damages suffered as a federal civilian employee.[5]

**DISCUSSION**

**I. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996

---

[1] Petitioner made the same arguments challenging the validity of the warrant for his arrest in his Rule 33 motion for a new trial, which I denied at sentencing.

[2] Petitioner alleges that the case agent from Immigration and Customs Enforcement and two cooperating witnesses went sometime in March or April of an unknown year to a residential location with the intent to entrap him. Petitioner offers no additional details to explain the nature of this claim.

[3] Petitioner alleges that during the trial I signaled to defense counsel, and counsel moved his head from right to left, indicating that he would "fix it." Letter of March 25, 2009, at 4.

[4] Petitioner offers no indication of why the exclusion was improper or how the passport related to his case.

[5] Petitioner has attached to his petition a form used by the United States government for processing claims by federal employees entitled "Claim for Damage, Injury, or Death." The claim seeks damages in the amount of $850 billion dollars against the government.

("AEDPA") enacted a one-year statute of limitations which runs from the latest of four dates, only one which is applicable here: the date on which the judgment of conviction becomes final. 28 U.S.C. 2255(f)(1). When a petitioner files an appeal, the conviction becomes final 90 days after the appellate court's decision was filed. *See Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (holding that a federal conviction becomes "final" under 28 U.S.C. § 2255 "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

In some cases, the court may toll the running of the statute of limitations for equitable reasons. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). However, this "is only appropriate in rare and exceptional circumstances. To merit application of equitable tolling, the petitioner must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation marks omitted).

Petitioner's conviction became final on June 13, 2007, 90 days after his appeal was denied. Petitioner filed the instant habeas petition on March 30, 2009, nearly two years after his conviction became final. Petitioner has presented no grounds for

equitable tolling. Accordingly, the petition is untimely.

**II. Petitioner's Claims**

Petitioner's claim that he received improper medical treatment, formulated as a § 2255 attack on his sentence, is in reality a challenge to the conditions of his confinement. Such complaints are not properly brought under § 2255. Rather, such complaints should be brought under 28 U.S.C. § 2241 and filed in the district of confinement. *See Reyes v. United States*, 2009 U.S. Dist. LEXIS 7943 *2-3, n. 2 (S.D.N.Y. February 3, 2009).

Petitioner's remaining claims lack merit.

#### CONCLUSION

For the reasons stated herein, petitioner's petition is denied. Petitioner is denied a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996). The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:    Brooklyn, New York
          July 29, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge